IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOHN W. ARNZEN, III, DANNY ROE, DAVID WHETSTONE, DEREK BLAISE AND CORY WEST,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>JOHN BALDWIN, GAIL HUCKINS, JILL HUBBARD, BRAD HOENIG, BETH BARNHILL, JIM FELKER, LETA HASIER, JEFF CRANE, JERRY BARTRUFF, BARRY ANDERSON, KATHY KHOMMANYVONG, SONYA SELLMEYER AND MATT CARLSON,<br><br>　　　　Defendants. | No. 15-CV-4053-DEO<br><br>INITIAL REVIEW ORDER |

_____

I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Plaintiff John Arnzen, Derek Blaise, David Whetstone, Danny Roe and Cory West's [hereinafter the Plaintiffs] Motion for Leave to Proceed in Forma Pauperis, Docket No. 1; Motion for Appointment of Counsel, Docket No. 2; and 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 1.

The Plaintiffs are involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO,
 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited June 26, 2015.

2

environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See <u>Kolocotronis v. Morgan</u>, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited June 26, 2015.

> [h]owever, [plaintiff] is presently being detained under the SVPA,[3] which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

Id. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4)

---

[3] SVPA stands for Sexually Violent Predator Act.

[4] PLRA stands for Prison Litigation Reform Act.

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). In this case, the Plaintiffs have filed a Motion to for Leave to Proceed In Forma Pauperis that substantially complies with the requirements set out above. **<u>Accordingly, the Clerk of Court shall file Plaintiffs' Complaint. No filing fee will be assessed.</u>**

However, once any portion of a filing fee is waived, a court must dismiss the case if the allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible.  The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In other words, the claim to relief must be "plausible on its face."  <u>Id.</u> at 570.  A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." <u>Id.</u> at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  <u>Id.</u> at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

The Plaintiffs' Complaint, Docket No. 1, Att. 1, and the Supplement to the Complaint, Docket No. 1, Att. 2, make two general allegations. First, the Complaint alleges that civil commitment of Plaintiff Arnzen is unconstitutional because it conflicts with a state court sentence. Second, the Complaint alleges that Plaintiff West's civil commitment is unconstitutional because the Iowa State Court never found that he had a mental abnormality.

**V. ANALYSIS**

**A. Plaintiffs Roe, Whetstone, Blaise**

The Court has throughly reviewed the Plaintiffs' Complaint, Docket No. 1, Att. 1, and Supplement, Docket No. 1,

Att. 2. In neither document do Plaintiffs Roe, Whetstone, or Blaise raise any individual claims. Rather, all claims presented in those two documents relate to either Plaintiff Arnzen or Plaintiff West. As stated above, to raise a 42 U.S.C. § 1983 claim, the a plaintiff must allege an individual deprivation of rights. Plaintiffs Roe, Whetstone, and Blaise have failed to articulate any individual deprivation of rights. Accordingly, they have failed to make a claim upon which relief could be granted and their claims will be dismissed.

**B. Mr. West's Claims**

Second, the Court will discuss the issues related to Mr. West. The Court notes that Mr. West filed a previous 42 U.S.C. § 1983 Complaint against a number of CCUSO Defendants. See 12-CV-4059-DEO. In that case, Mr. West alleged a due process violation because his civil commitment occurred before he served parole. In that case, the Court ruled:

> [t]he substance of Mr. West's claim is that his due process rights have been denied because he gained a liberty interest in serving his ten year special parole sentence pursuant to I.C.A. Section 903B.2, and his commitment to CCUSO denied him the opportunity to complete that sentence.

8

> However, it is clear under the law that Mr. West can serve his special sentence while at CCUSO. Accordingly, no due process violation has occurred; and Mr. West's 42 U.S.C. § 1983 Complaint must be dismissed.

12-CV-4059-DEO, Docket No. 28, p. 14.

To the extent Mr. West raises similar claims in this present case, those claims are barred by the doctrines of res judicata and claim preclusion.

Mr. West also seems to argue the state process that found he has a mental abnormality was flawed. The finding that Mr. West had a mental abnormality was central to his civil commitment. Accordingly, Mr. West's current argument amounts to a habeas challenge, and making a habeas challenge is impermissible in a 42 U.S.C. Section 1983 case. See Heck v. Humphrey, 512 U.S. 477 (1994). In Heck v. Humphrey, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Even when a plaintiff demands only money

damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

The distinction between the present case and Heck is that the later involved a criminal conviction, while the present case involves a civil commitment. However, several Courts have extended the Heck doctrine to civil commitments, including the civil commitments of sexually violent predators. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006). Accordingly, the Court must consider the Heck ruling as applied to this case.

The principal question under Heck is whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's confinement. If the Court were to find that the process used to determine Mr. West had a mental abnormality were flawed, it would necessarily invalidate his civil commitment. Accordingly, this type of suit is barred by the doctrine articulated in Heck v.

Humphrey. If Mr. West wants to challenge the process whereby he was committed to CCUSO, he needs to do so either in a post-conviction relief action in Iowa State Court, or in a 28 U.S.C. Section 2254 habeas action.

**C. Mr. Arnzen's Claims**

Mr. Arnzen's claim is that his commitment to CCUSO is illegal because he was not allowed to serve a special sentence imposed by the Iowa State Court prior to his commitment. Specifically, Mr. Arnzen argues that under his previous conviction and sentence, he was entitled to serve a special sentence of parole with work release.

At this early stage of the case, the Court must assume that Mr. Arnzen's factual assertion is correct. However, even if what Mr. Arnzen says is true, his claim cannot survive summary dismissal. This Court has previously considered whether a CCUSO patient can serve a special sentence of parole while at CCUSO, and has found in the affirmative. See West v. Palmer et al., 12-CV-4059-DEO, Docket No. 28, where this Court stated:

> [t]he Court is persuaded that as a legal matter, the Defendants are correct. The Anderson case is dispositive on the issue of whether Mr. West can serve his ten year special sentence while at CCUSO. He can. The Plaintiff is correct that the State is

11

bound to the plea agreement. However, in
this case, the plea agreement merely stated
Mr. West would serve a special ten year
sentence. The plea agreement did not
set out or condition how that special
sentence would be served. As stated above,
under the Anderson precedent, the special
sentence may be served while otherwise
incarcerated.

Id. The Court also considered whether a special sentence required work release and stated:

> [t]he substance of Mr. West's claim is that
> his due process rights have been denied
> because he gained a liberty interest in
> serving his ten year special parole
> sentence pursuant to I.C.A. Section 903B.2,
> and his commitment to CCUSO denied him the
> opportunity to complete that sentence.
> However, it is clear under the law that Mr.
> West can serve his special sentence while
> at CCUSO. Accordingly, no due process
> violation has occurred; and Mr. West's 42
> U.S.C. § 1983 Complaint must be
> dismissed... The Court is aware that Mr.
> West feels that parole entitles him to work
> release and the opportunity to be out in
> the community, and that Mr. West's
> interpretation of parole is bolstered by
> the Parole Order and Agreement he signed...
> However, there is no authority presently
> before the Court that Mr. West has a right
> to serve the ten year special parole in any
> particular manner. Accordingly, if the law
> says he can serve parole while at CCUSO,
> and the ten year clock is ticking while he
> is at CCUSO, Mr. West is serving his parole
> per the plea agreement and the Court can
> find no constitutional violation to which
> Mr. West can lay claim.

12-CV-4059-DEO, Docket No. 28, p. 14 and p. 14 Fn. 2. Mr.

Arnzen's current argument is the same as the one raised by Mr. West in that prior case. For the same reasons the Court denied Mr. West's previous identical claim, Mr. Arnzen's current claim must be denied.

**VI. CONCLUSION**

For the reasons set out above, the Plaintiffs' Motion to Proceed In Forma Pauperis (Docket No. 1) is **granted**. The Clerk of Court shall file the Complaint for purposes of making a record. However, upon initial review, the Plaintiffs' claims must be denied and their Complaint must be dismissed. Specifically, Plaintiffs Roe, Whetstone and Blaise have failed to state a claim upon which relief can be granted. Plaintiff West's claim is barred by the doctrine articulated in Heck v. Humphrey. Plaintiff Arnzen's claim, regarding a special sentence, fails as a matter of law as set out in this Court's previous Order, 12-CV-4059-DEO (Docket No. 28). Because all claims must be denied on initial review, the Plaintiff's Motion to Appoint Counsel (Docket No. 2) is denied as moot.

The Clerk of Court shall send a copy of this Order to: Assistant Iowa Attorney General Gretchen Kraemer, Department of Justice, Regents and Human Services Division, Hoover

Building, Des Moines, Iowa 50319-0109; and attorney Pam Wingert, 1212 18th Street, Spirit Lake, Iowa 51360.

**IT IS SO ORDERED** this 1st day of July, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa